IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GEBKA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:19-cv-06662 |
| v. | ) ) ) | Honorable Sharon J. Coleman |
| THE ALLSTATE CORPORATION A Delaware Corporation, | ) ) ) ) | Magistrate Jeffrey I. Cummings |
| Defendant. | ) | |

**THE ALLSTATE CORPORATION'S FIRST AMENDED RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, Defendant The Allstate Corporation ("Allstate") submits its First Amended Responses and Objections to Plaintiff's First Set of Interrogatories as follows:

Allstate makes these responses solely for the purpose of this action. Each response is subject to all objections to competence, materiality, and/or relevance, and/or to any other objection as to admissibility that may apply in the event that such response, or the information contained therein, is sought to be used in this or any other court. Allstate expressly reserves all such objections. Allstate will engage in document discovery and provide information in a manner that is proportional to the needs of this case and in accordance with the governing Federal Rules of Civil Procedure and such protective order to which the parties may agree.

The following responses are based on Allstate's best knowledge at this time. Discovery in this matter is ongoing, and Allstate reserves the right to amend and/or supplement these responses

as needed and/or required under Rule 26(e) of the Federal Rules of Civil Procedure. Furthermore, Allstate prepared these responses based on its good faith interpretation and understanding of the individual requests. Accordingly, Allstate reserves its right to correct any errors or omissions. Allstate also reserves the right to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents, and things in these responses.

To the extent that any Interrogatory seeks information also sought by or identified pursuant to any other Request (including interrogatories or requests in other discovery), to avoid unnecessary duplication, Allstate will not produce or identify multiple copies of documents. Accordingly, each document produced should be deemed produced pursuant to every request to which it is or may be responsive. Finally, Allstate will not produce documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privileges, doctrines, or immunities.

## INTERROGATORIES

1. **Identify each person providing answer(s) or information that is used to respond to one or more of Plaintiff's interrogatories, document requests or requests for admission. For <u>each</u> such person, state which interrogatories, document requests and requests for admission the person's information was used to respond to.**

   **RESPONSE**: Allstate objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Allstate responds that in-house counsel for Allstate, and Allstate personnel working at the direction of counsel, assisted outside counsel in responding to these

Interrogatories. Allstate further responds that Allstate employee Matt Maloney provided information responsive to Interrogatory Response No. 11, Document Request Responses Nos. 6, 7, and 9, and Request for Admission Responses Nos. 17, 18, and 19.

2. **Identify each person whose cellular telephone number Allstate or someone else called to promote or advertise Allstate products or services using the same dialer system used to call (630) 779-2696 between October 8, 2015 and present.**

**RESPONSE**: Allstate objects to this Interrogatory as overbroad and unduly burdensome because the Interrogatory is not limited to the allegations, parties, scope, or subject matter at issue in this litigation. Allstate also objects to this Interrogatory to the extent that it calls for Allstate to respond for third parties. Subject to and without waiving these objections, Allstate responds that it did not make any telephone calls to (630) 779-2629. Allstate further responds that it is without knowledge as to the identity of the person or entity that allegedly called (630) 779-2629 at any time during the date range in question or whether a dialing system was used to place the alleged calls. Allstate has no further information responsive to this Interrogatory.

3. **Do you contend that Plaintiff or any person responsive to Interrogatory # 2 signed an agreement containing a clear and conspicuous disclosure informing the person that: (A) by signing the agreement, he or she authorizes Allstate to deliver or cause to be delivered telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) he or she is not required to sign the agreement or agree to enter into such an agreement as a condition of purchasing any property, goods, or services? If so, then please identify <u>each</u> such person, and with respect to <u>each</u> such person, please identify**

**the applicable telephone number, explain with specificity the basis for such contention, and specifically identify all evidence that supports your contention including the Bates numbers of all documentary evidence.**

<u>RESPONSE</u>: Allstate incorporates its responses and objections to Interrogatory No. 2 as if fully stated herein. Allstate objects to this Interrogatory as overbroad and unduly burdensome because the Interrogatory is not limited to the allegations, parties, scope, or subject matter at issue in this litigation. Allstate also objects to this Interrogatory to the extent that it calls for Allstate to respond for third parties. Allstate further objects to this Interrogatory on the grounds that it is compound and vague, including because it incorporates a different Interrogatory, and because the phrase "Plaintiff or any person responsive to Interrogatory # 2" is nonsensical. Allstate interprets that to mean "any person identified in response to Interrogatory No. 2." Subject to and without waiving these objections, Allstate responds that it did not make any telephone calls to (630) 779-2629. Allstate further responds that it is without knowledge as to the identity of the person or entity that allegedly called (630) 779-2629 during the date range in question or whether a dialing system was used to place the alleged call(s). Allstate does not have information responsive to this Interrogatory as written.

**4.     Identify each person to whose telephone number Allstate or someone else initiated at least two telephone solicitation calls (i.e. calls for the purpose of encouraging purchase of Allstate products or services) within any 12-month period between October 8, 2015 and present.**

<u>RESPONSE</u>: Allstate objects to this Interrogatory as overbroad and unduly burdensome because the Interrogatory is not limited to the allegations, claims, parties, scope, or subject matter

at issue in this litigation. Allstate also objects to this Interrogatory to the extent that it calls for Allstate to respond for third parties. Subject to and without waiving these objections, Allstate responds that it does not make telephone solicitation calls. Allstate further responds that, to the extent other parties make such calls, Allstate does not track such information.

5.      Do you contend that Plaintiff or any person responsive to Interrogatory #4 signed a written agreement with Allstate which states that such person agrees to be contacted by Allstate and includes the telephone number to which the calls may be placed? If so, then please identify each such person, and with respect to each such person, please identify the applicable telephone number, explain with specificity the basis for such contention, and specifically identify all evidence that supports your contention including the Bates numbers of all documentary evidence.

**RESPONSE**: Allstate incorporates its responses and objections to Interrogatory No. 4 as if fully stated herein. Allstate objects to this Interrogatory as overbroad and unduly burdensome because the Interrogatory is not limited to the allegations, parties, scope, or subject matter at issue in this litigation. Allstate also objects to this Interrogatory to the extent that it calls for Allstate to respond for third parties. Allstate further objects to this Interrogatory on the grounds that it is compound and vague, including because it incorporates a different Interrogatory, and because the phrase "Plaintiff or any person responsive to Interrogatory # 4" is nonsensical. Allstate interprets that to mean "any person identified in response to Interrogatory No. 2." Subject to and without waiving these objections, Allstate responds that it did not identify any persons in response to Interrogatory No. 4. Allstate further responds that, because it lacks information responsive to

5

Interrogatory No. 4, it therefore lacks information responsive to this Interrogatory, which incorporates and relies on Interrogatory No. 4.

6. **Identify all vendors and other third parties who you believe may have placed any call to (630) 779-2696, or any call responsive to Interrogatory # 2 or 4. With respect to each such third party, please explain with specificity the basis for such belief and specifically identify all evidence that supports your belief including the Bates numbers of all documentary evidence.**

**RESPONSE**: Allstate incorporates its responses and objections to Interrogatories Nos. 2 and 4 as if fully stated herein. Allstate objects to this Interrogatory as overbroad and unduly burdensome because the Interrogatory is not limited to the allegations, parties, scope, or subject matter at issue in this litigation. Allstate also objects to this Interrogatory to the extent that it calls for Allstate to respond for third parties. Allstate further objects to this Interrogatory on the grounds that it is compound and vague, including because it incorporates two other Interrogatories. Subject to and without waiving these objections, Allstate responds that it did not identify any persons in response to Interrogatories Nos. 2 or 4. Allstate further responds that, because it lacks information responsive to Interrogatories Nos. 2 and 4, it lacks information responsive to this Interrogatory, which incorporates and relies on Interrogatories Nos. 2 and 4. Allstate further responds that it does not, at this time, have information responsive to this Interrogatory.

7. **Identify any persons who were identified in response to Interrogatory # 2 or 4 who were offered an Allstate insurance policy and signed up for said insurance policy.**

**RESPONSE**: Allstate incorporates its objections and responses to Interrogatory No. 2 and 4 as if fully stated herein. Allstate objects to this Interrogatory as overbroad and unduly burdensome because the Interrogatory is not limited to the allegations, parties, scope, or subject matter at issue in this litigation. Allstate also objects to this Interrogatory to the extent that it calls for Allstate to respond for third parties. Allstate further objects to this Interrogatory on the grounds that it is compound and vague, including because it incorporates two other Interrogatories. Subject to and without waiving these objections, Allstate responds that it did not identify any persons in response to Interrogatories Nos. 2 or 4. Allstate further responds that, because it lacks information responsive to Interrogatories Nos. 2 and 4, it lacks information responsive to this Interrogatory, which incorporates and relies on Interrogatories Nos. 2 and 4.

8. **Identify how much money Allstate collected from persons identified in Interrogatory # 7.**

**RESPONSE**: Allstate incorporates its objections and response to Interrogatory No. 7 as if fully stated herein. Allstate also objects to this Interrogatory as overbroad and unduly burdensome because the Interrogatory is not limited to the allegations, parties, scope, or subject matter at issue in this litigation. Allstate also objects to this Interrogatory to the extent that it calls for Allstate to respond for third parties. Allstate further objects to this Interrogatory on the grounds that it is compound and vague, including because it incorporates another Interrogatory, which itself incorporates two additional Interrogatories. Subject to and without waiving these objections, Allstate responds that it did not identify any persons in response to Interrogatories Nos. 2 or 4 and, thus, did not identify any persons in response to Interrogatory No. 7. Allstate further responds

that, because it lacks information responsive to Interrogatories Nos. 2, 4, and 7, it lacks information responsive to this Interrogatory, which incorporates and relies on Interrogatories Nos. 2, 4, and 7.

9. **Identify and describe in detail all of your policies, practices and procedures for or applicable to any call to (630) 779-2696, and any call responsive to Interrogatory # 2 or 4, including but not limited to policies, practices and procedures related to compliance with the Telephone Consumer Protection Act.**

**RESPONSE**: Allstate objects to this Interrogatory because it is overbroad, unduly burdensome, and seeks information and documents that are not relevant or proportional to the needs of this case because, among other reasons, the Interrogatory is not limited to the allegations, parties, scope, or subject matter at issue in this litigation. Allstate further objects to Interrogatory No. 9 because it is compound and vague, including because and incorporates other Interrogatories. Subject to and without waiving these objections, Allstate responds that it did not make any telephone calls to (630) 779-2629. Allstate further responds that it is without knowledge as to the identity of the person or entity that allegedly called Plaintiff. Subject to and without waiving these objections, Allstate identifies herein certain Allstate TCPA policies, practices, and procedures in effect or available to agents, through the Agent Portal, on August 8, 2019 and September 18, 2019, the dates Plaintiff alleged he received the telephone calls that are the subject of this lawsuit, including the following:

    a. December 6, 2017 Looking up Phone Numbers on the Do Not Solicit Scrubbing Tool;

    b. December 6, 2017 Scrubbing Your Data File on the Do Not Solicit Scrubbing Tool Job Aid;

c. January 10, 2018 Gateway webpage "Phone solicitation reminders when using telemarketing and lead vendors";

d. April 24, 2018 Allstate Insurance Company and Allstate Financial Services, LLC Corporate Do Not Call and No Fax Solicitation Policies;

e. May 2018 TCPA requirements at-a-glance chart;

f. May 14, 2018 Gateway webpage "Complying with Telephone Consumer Protection Act regulations FAQs";

g. May 21, 2018 Gateway webpage "Check out the revised Agency Standards";

h. June 21, 2018 overlay page on Executive Advantage Resource Center "Compliance with Customer and Prospect Contact Rules and Regulations";

i. August 21, 2018 Gateway webpage "Scrubbing resources and reminders for outbound calls, email and direct mail;

j. August 29, 2018 Gateway article "Visit new scrubbing resources webpage";

k. August 31, 2018 Gateway webpage "Complying with the Allstate Do Not Call policy when using external vendors";

l. March 12, 2019 Corporate Contact Compliance course;

m. May 21, 2019 Gateway webpage "Understanding phone number DNS statuses in Gateway";

n. May 24, 2019 Agency Marketing Storefront webpage;

o. August 2019 Allstate Insurance Company and Allstate Financial Services, LLC Corporate Do Not Call and No Fax Solicitation Policies;

p. August 2019 Gateway webpage "Complying with Telephone Consumer Protection Act regulations FAQs";

q. August 2019 Marketing Storefront TCPA compliance overlay;

r. August 2019 Gateway webpage "Telephone Consumer Protection Act requirements at-a-glance";

s. August 8, 2019 Agency Vendor Consult homepage;

t. August 8, 2019 Compliance homepage;

u. August 21, 2019 Gateway webpage "Complying with the Allstate Do Not Call policy when using external vendors";

v. August 21, 2019 Allstate Agency Standards Revision Notice;

w. August 26, 2019 Gateway webpage "Phone solicitation reminders when using telemarketing and lead vendors";

x. September 5, 2019 Gateway webpage "Scrubbing resources and reminders for outbound calls, email and direct mail; and

y. September 6, 2019 Marketing Hub webpage.

10. **Identify and describe in detail all of your communications and attempts at communication with (630) 779-2696 and Plaintiff.**

**RESPONSE**: Allstate responds that it did not make any telephone calls to (630) 779-2696, nor did it otherwise communicate or attempt to communicate with that number and/or with Plaintiff. Allstate further responds that it lacks information responsive to this Interrogatory.

11. **Identify and describe in detail all of your communications and attempts at communication with Brian Saving or Brian Saving Allstate Agency relating to obtaining new customers/policies and/or calling (630) 779-2696 and Plaintiff.**

**RESPONSE**: Allstate objects to this Interrogatory as overbroad and unduly burdensome because the Interrogatory is not limited to the allegations, parties, scope, or subject matter at issue in this litigation. Further, Allstate objects to the phrase "all … communications and attempts at communication with Brian Saving or Brian Saving Allstate Agency relating to obtaining new customers/policies…" as overbroad, not relevant, vague and ambiguous and subject to multiple meanings and interpretations and not proportional to the needs of this case. Allstate also objects because the phrase "relating to obtaining new customers" is vague and confusing. Subject to and without waiving these objections, Allstate responds that it did not call the number (630) 779-2696 or Plaintiff, and does not know who placed the alleged call(s) to that number or Plaintiff. Allstate further responds by incorporating it response to Interrogatory No. 9 as if stated herein. Allstate further responds that Allstate Field Sales Leader Matthew Maloney communicated with Mr. Saving regarding contacting potential customers, as reflected in documents produced by The Saving Agency pursuant to subpoena. Allstate further responds that it is conducting a reasonable and proportional search for other communications similar to those emails. Finally, Allstate responds that to the extent it or its counsel had communications with Mr. Saving and/or The Saving Agency related to the allegations in the Complaint and/or this litigation, those are subject to the common interest doctrine and/or joint defense privilege.

**12.     Are there any documents responsive to any Document Request issued by Plaintiff in this matter that have been destroyed or lost or that cannot be accounted for? If so, then please provide the following information as to <u>each</u> such document:**

    **a)**     **Identify it;**

    **b)**     **State whether it was destroyed, lost, or cannot be accounted for;**

c) State the date you believe it was destroyed or lost, and the most recent date as of which it was accounted for;

d) State your reason or explanation, if any, for the destruction or loss of it or the inability to account for it; and

e) Identify the persons most knowledgeable about the information sought by each of the subparts (a) through (d) of this Interrogatory.

**RESPONSE**: Allstate is not aware of any documents responsive to Plaintiff's First Requests for Production that have been destroyed.

Dated: April 10, 2020

Respectfully submitted,

The Allstate Corporation

*s/ Lewis S. Wiener*
Lewis S. Wiener
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, N.W., Suite 700
Washington, DC 20001
Telephone: 202-383-0140
Facsimile: 202-637-3593
lewiswiener@eversheds-sutherland.com

Robert D. Owen (#6328997)
EVERSHEDS SUTHERLAND (US) LLP
900 North Michigan Avenue, Suite 1000
Chicago, IL 60611
Telephone: 312-724-8268
Facsimile: 312-724-9322
robertowen@eversheds-sutherland.com

Francis X. Nolan (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
1114 Avenue of the Americas, 40th Fl.
New York, NY 10036-7703
Telephone: 212-389-5083
Facsimile: 212-389-5099
franknolan@eversheds-sutherland.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 10, 2020, I caused a copy of the foregoing *THE ALLSTATE CORPORATION'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES* to be served upon the following via email:

Keith James Keogh
Michael S. Hilicki
Timothy J. Sostrin
Gregg M. Barbakoff
Theodore H. Kuyper
KEOGH LAW, LTD
55 W. Monroe Street, Suite 3390
Chicago, IL 60603
Telephone: (312) 726-1092
Keith@KeoghLaw.com
MHilicki@KeoghLaw.com
TSostrin@KeoghLaw.com
GBarbakoff@KeoghLaw.com
TKuyper@KeoghLaw.com

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　/s/ *Lewis S. Wiener*
　　　　　　　　　　　　　　　　　　　　　　Lewis S. Wiener

## VERIFICATION

On behalf of: The Allstate Corporation

By: _Brian Blume_

Title: _Marketing Director_

STATE OF _Illinois_ )

) SS:

COUNTY OF _Lake_ )

I, _Brian Blume_, _Marketing Director_ with The Allstate Corporation ("Allstate"), verify that I have the authority to answer the foregoing Interrogatories on behalf of Allstate, that I have read the foregoing amended answers to Interrogatories, and that I believe them to be true and correct based on my own personal knowledge and/or information supplied to me by people whom I believe are knowledgeable about that information.

Signature: _[signed]_

Printed Name: _Brian Blume_

Subscribed and sworn to before me

this _31_ day of _July_, 2020.

Signature _[signed]_

NIKOLAOS BALIS
Official Seal
Notary Public - State of Illinois
My Commission Expires Dec 26, 2023

Notary Public of the State of _Illinois_

Qualified in _Lake_ County

My Commission Expires: _12/26/2023_