UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GEBKA, | ) | |
| | ) | Case No. 19-cv-06662 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Gebka filed a two-count Second Amended Complaint [95] against

Defendant Allstate Insurance Company ("Allstate") alleging violations of the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Before the Court is Allstate's Motion to Dismiss

the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1).

For the following reasons the Court denies defendant's Motion to Dismiss.

**BACKGROUND**

The following facts are taken from the Second Amended Complaint. Plaintiff Thomas

Gebka registered his cell phone number on the National Do-Not-Call Registry. At least thirty-one

days later, Gebka received calls soliciting Allstate Insurance. Defendant Allstate does not sell

insurance directly to consumers; it authorizes other agencies (hereinafter "Allstate agencies") to sell

Allstate insurance. The Allstate agencies work with telemarketing vendors to solicit consumers by

telephone. Gebka contends that Allstate controls and directs the Allstate agencies' telemarketing

efforts, including their use of telemarketing vendors.

Gebka alleges that he received ten calls between August 8, 2019 and February 25, 2021 made

by telemarketing vendors or their call centers on behalf of Allstate. For at least five of these calls, a

live representative stated they were calling on behalf of Allstate regarding an insurance quote.

During one of these calls, a caller identifying as an Allstate agent informed Gebka that he received

the phone number from Everquote, a lead source promoted by Allstate to its agencies. Gebka

claims two of the calls were placed by call centers directed by Richardson Marketing Group

("RMG"), a telemarketing vendor endorsed by Allstate to its agencies. Another three calls resulted

in voicemail messages from Allstate agents. Last, Gebka received two prerecorded voice calls

soliciting insurance, during which he gave his personal information. Shortly after one of these calls,

an Allstate agent contacted Gebka about Allstate insurance. Gebka alleges that all ten calls invaded

his privacy and violated the Telephone Consumer Protection Act.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency

of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d

233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual

allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551

U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to

dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially

plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Pursuant to Rule 12(b)(1), a court must dismiss any action for which it lacks subject matter

jurisdiction. Article III of the Constitution limits the federal courts to adjudicating actual "cases" or

"controversies." U.S. Const. art. 3, § 2, cl. 1. "There is no case or controversy if the plaintiff lacks

standing to challenge the defendant's alleged misconduct." *Diedrich v. Ocwen Loan Servicing, LLC*, 839

F.3d 583, 587 (7th Cir. 2016). To establish Article III standing, a plaintiff must allege: (1) an injury

in fact; (2) that is fairly traceable to the defendant's actions; and (3) that is like to be redressed by a favorable decision from the Court. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L.Ed.2d 635 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). The party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

## DISCUSSION

Defendant Allstate moves to dismiss both counts of the Second Amended Complaint under two theories: (1) that Gebka failed to allege sufficient facts to draw a reasonable inference that Allstate can be held directly or vicariously liable for any of the calls received by Gebka; and (2) that Gebka does not have standing under Article III of the U.S. Constitution as he failed to plead the elements of injury in fact, causation, or redressability.

*Motion to Dismiss Gebka's Claims under Rule 12(b)(6)*

The TCPA prohibits calls made to cellular phones using an artificial or prerecorded voice. 47 U.S.C. § 227 (b)(1)(A)(iii). In addition, the TCPA provides a private right of action to individuals on the National Do-Not-Call registry who receive more than one call on behalf of the same entity within any 12-month period. *Id.* § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Gebka contends Allstate violated both provisions of the TCPA through calls made by its agents in Count I and Count II of his complaint, respectively.

Under the TCPA, a principal may be held vicariously liable for its agent's violations of the statute "under federal common law principles of agency." *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 (2013). An agent acts with actual authority to bind the principal when "the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) of Agency § 2.01 (2006). If the principal authorizes the agent to do so, agents may appoint subagents to perform the agent's

3

functions. Restatement (Third) of Agency § 3.15(1)–(2) (2006). Actions taken by a subagent carry the same legal consequences as actions taken by the appointing agent. *Id.* Cmt. d.

In its Motion to Dismiss, Allstate argues that Gebka did not sufficiently plead facts to infer an agency relationship between Allstate and the Allstate agencies or between the Allstate agencies and the telemarketing vendors. Allstate further asserts that Gebka failed to allege an agency relationship between the telemarketing vendors and call centers they used, if any, to call Gebka. Finally, Allstate argues that Gebka did not sufficiently link the prerecorded calls in support of Count I to Allstate or its agents. Taking the facts in the Second Amended Complaint as true and drawing all reasonable inferences from those facts in his favor, Gebka sufficiently alleged Allstate's vicarious liability for the offending calls.

The Court does not require specifics of the defendant's business relationships at the pleading stage as these facts are generally within the defendant's sole knowledge and plaintiffs must obtain such evidence through discovery. *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1151 (N.D. Ill. 2014) (Bucklo, J.). The plaintiff is only required to allege a factual basis that "gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts." *Mauer v. American Intercontinental Univ., Inc.*, 1:16-cv-01473, 2016 WL 4651395, at *2 (N.D. Ill. Sept. 07, 2016) (Ellis, J.); *see also Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 588 (7th Cir. 2021) (explaining that whether the principal bears the right to control the agent's actions is a factual question that varies depending on circumstance), *rev'g* 1:19-cv-08389, 2020 WL 3960445 (N.D. Ill. July 13, 2020) (Kocoras, J.).

Gebka detailed his agency theory of liability beyond mere conclusory statements by describing Allstate's control over its agencies' telemarketing efforts, including promotion of vendors such as RMG and Everquote. Under these same facts, Gebka adequately alleged that Allstate authorized the Allstate agencies to appoint subagents for telemarketing purposes. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 776 (N.D. Ill. 2014) (St. Eve, J.) (finding in support of

4

agent's plausible authority to appoint subagent that "[principal] suggested to several of its [agents]

that [] telemarketing through [telemarketer] was a good way to obtain new customers."). The

Allstate agencies thereafter exercised control evident of an agency relationship over the vendors by

dictating the timing, form, and content of the leads. *See id.* at 775. Allstate's claim that Gebka must

plead details about the telemarketing vendors' relationships with call centers is misguided. Whether

the telemarketing vendors used call centers to solicit customers and their resulting business

relationships is information possessed by Allstate. *See Charvat*, 29 F. Supp. 3d at 1151. That the

parties have already begun the discovery process does not change this calculus or heighten the

pleading standard.

Allstate's argument that Gebka failed to connect Allstate or its agents to the prerecorded

calls similarly fails. Given that an Allstate agent contacted Gebka shortly after he provided his

information during one of the prerecorded calls, the Court may reasonably infer that the

prerecorded call was made on behalf of Allstate. *See Mauer*, 2016 WL 4651395, at *3. Because

Gebka's claims of vicarious survives on a theory of actual authority, the Court need not discuss

apparent authority or ratification.

*Motion to Dismiss for Lack of Standing*

Defendant additionally moves to dismiss the Second Amended Complaint on grounds that

Gebka failed to plead the elements of injury in fact, causation, or redressability and therefore does

not have standing under Article III of the U.S. Constitution. To establish standing, Gebka must

show: (1) that he suffered an actual or imminent, concrete and particularized injury-in-fact; (2) a

causal connection between the injury and the Allstate's conduct; and (3) that the injury is likely to be

redressed by a favorable decision. *Speech First, Inc. v. Killeen*, 968 F.3d 628, 638 (7th Cir. 2020).

Here, Gebka alleges an actual concrete harm to his right to privacy, which Congress sought

to protect by enacting the TCPA. *Gadelhak v. AT&T Serv., Inc.* 950 F.3d 458, 463 (7th Cir. 2020)

(finding that receipt of an unwanted text message in violation of the TCPA, without more, can constitute injury-in-fact). Gebka sufficiently pleads a causal connection between the injury and Allstate through its theory of vicarious liability *See* discussion *supra*. A favorable judicial finding could redress Gebka's injury by providing an injunction against future TCPA violations by Allstate's agents or monetary compensation for Allstate's invasion of Gebka's privacy.

## CONCLUSION

Based on the foregoing discussion, this Court denies Allstate's Motion to Dismiss [96].

IT IS SO ORDERED.

Date: 10/25/2021

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

6