# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GEBKA, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-06662 |
| v. | ) ) | Hon. Sharon J. Coleman |
| ALLSTATE INSURANCE COMPANY, | ) ) | Mag. Jeffrey I. Cummings |
| Defendant. | ) ) ) | |

**ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case styled and captioned <u>Gebka v. Allstate Insurance Company</u>, United States District Court for the Northern District of Illinois Eastern Division Case No. 1:19-cv-06662 (the "Action"). The Action was brought by Plaintiff Thomas Gebka ("Gebka" or "Class Representative"), individually and on behalf of all others similarly situated, against defendant Allstate Insurance Company ("Allstate" and, together with Plaintiffs, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel and good cause having been shown, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims that arise out of or relate in any way to Allstate or anyone allegedly acting on its behalf making telephone calls based on leads provided by, through, and/or directed by Richardson Marketing Group and related entities where the person's telephone number was registered on a Do Not Call registry for more than 31 days before the first call. The Settlement Class does not include any claims for Prerecorded calls that were alleged in the Second Amended Complaint, other than the individual claims of Gebka.

4. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with

respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 1, 3 and 5 to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> The approximately 7,451 individuals to whom: (a) Allstate or anyone allegedly acting on its behalf made at least two telephone calls based on leads provided by, through, and/or directed by Richardson Marketing Group and related entities within a 12-month period (b) promoting Allstate insurance (c) between October 8, 2015 and present (d) where the person's telephone number was registered on a Do Not Call registry for more than 31 days before the first call.

> Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family (to the extent they received a listed call), all persons who have opted-out of the Settlement Class pursuant to the requirements set forth in Section **13.1** of the Settlement Agreement, and individuals whose claims would be or are included in any other settlement.

6. In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The Settlement Class consists of over 7,000 natural persons and is so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact arising under the TCPA common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representative</u>. The Court appoints Thomas Gebka to act as the representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints Keogh Law, Ltd., as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. At 9:15 a.m. (central) on September 23, 2022, in Room 1241, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount. On the Notice Date set forth below, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiff. No later than September 9, 2022, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

10. <u>Settlement Claims Administrator</u>. KCC Class Action Services, LLC is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator, as set forth in the Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class by directly mailing two rounds of post cards with attached claim forms and a reminder E-mail notice, combined with a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than June 9, 2022 ("Notice Deadline").

12. The Claims Administrator will file with the Court by no later than September 9, 2022, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

13. <u>Opt-Out and Objection Deadline</u>. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by August 8, 2022, which is sixty (60) calendar days after the Notice Deadline. Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

14. <u>Exclusion from the Settlement Class</u>. To request exclusion from the Settlement Class, a person in the Settlement Class must send a written request to the Claims Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting

exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Allstate TCPA action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class. In the event that the number of persons in the Settlement Class who validly and timely submit opt-out requests exceeds forty (40) class members, Allstate shall have the right, but not the obligation, to terminate this Agreement.

15. The Claims Administrator will retain a copy of all requests for exclusion. Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

16. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

17. All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

18. <u>Objections to the Settlement</u>. To object to the Settlement, Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Class Counsel – Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (ii) Allstate's Counsel – Eversheds Sutherland (US) LLP, c/o Lewis Wiener and Frank Nolan, 700 6th Street, NW, Washington, DC

20001. An objection must: (A) Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the Claim ID, full name, address, the cellular telephone number called, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel; (B) Include a statement of such Settlement Class Member's specific objections; and (C) State the grounds for objection and attach any documents supporting the objection. Any Settlement Class Member who fails to comply with Paragraph 18 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

19. For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

20. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

21. Pending the final determination of whether the Settlement should be approved or until a class member validly excludes themselves from the Settlement Class, Plaintiff and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any

judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Classes, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

22. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Allstate or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

23. In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less reasonable administrative expenses incurred or due and owing and payable

from the Settlement Fund in accordance with the Agreement, shall be returned to Allstate within 15 days of the event that causes the Agreement to not become effective.

24. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Allstate, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

25. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

26. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **June 9, 2022** [45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **June 9, 2022** [Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| **August 8, 2022** | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |

| | |
|---|---|
| [60 days after the Notice Deadline] | |
| **August 8, 2022** <br>[60 days after the Notice Deadline] | Deadline for Class Members to Submit a Claim Form (Claim Period) |
| **September 7, 2022** <br>[30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following: <br>(1) List of persons who made timely and proper requests for exclusion (under seal); <br>(2) Proof of Class Notice; and <br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| **September 23, 2022 at 9:15 a.m.** <br>[No earlier than 149 days from the entry of this Order] | Final Approval Hearing |

IT IS SO ORDERED.

Dated: 4/25/2022

Sharon Johnson Coleman
United States District Judge