IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GEBKA, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-06662 |
| v. | ) ) | Hon. Sharon J. Coleman |
| ALLSTATE INSURANCE COMPANY, | ) ) | Mag. Jeffrey I. Cummings |
| Defendant. | ) ) | |

**ORDER GRANTING FINAL APPROVAL**

The Court having held a Final Approval Hearing on September 23, 2022, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release dated April 9, 2022, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. 137) are also incorporated by reference into this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> The approximately 7,451 individuals to whom: (a) Allstate or anyone allegedly acting on its behalf made at least two telephone calls based on leads provided by, through, and/or directed by Richardson Marketing Group and related entities within a 12-month period (b) promoting Allstate insurance (c) between October 8, 2015 and present (d) where the person's telephone number was registered on a Do Not Call registry for more than 31 days before the first call.
>
> Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family (to the extent they received a listed call), all persons who have opted-out of the Settlement Class pursuant to the requirements set forth in Section **13.1** of the Settlement Agreement, and individuals whose claims would be or are included in any other settlement.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Allstate that resulted from a mediation on February 10, 2022,

with retired Magistrate Judge Morton Denlow who has extensive experience mediating class actions including those brought pursuant to the TCPA.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class consistent and in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6. There were no objections to the Agreement.

7. The Court hereby fully and finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8. The Court hereby fully and finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards and disposition of any Remaining Funds thereafter. Should any Remaining Funds be distributed, the Court hereby approves the National Consumer Law Center as the *cy pres* recipient earmarked for working to safeguard the

protections of the TCPA. The Court finds this organization is closely aligned with the class' interests.

10. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

11. As of the Effective Date, the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims as fully set forth in the Agreement.

12. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it are subject to Rule 408 of the Federal Rules of Evidence and will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Allstate, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

13. If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement. The Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded by Allstate.

14. Moreover, in the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less reasonable expenses incurred or due and owing and payable from the Settlement Fund in accordance with the

Agreement, shall be returned to Allstate within 15 days of the event that causes the Agreement to not become effective.

15. In the event that any provision of the Agreement or this Final Approval Order is asserted by Allstate as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16. By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

**IT IS SO ORDERED,
ADJUDGED AND DECREED.**

Dated:  September 27, 2022

Sharon Johnson Coleman
United States District Judge