UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GEBKA, | ) | |
| | ) | Case No. 19-cv-06662 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award [138]. For the following reasons, the Court grants plaintiff's motion. In the present order, the Court presumes familiarity with the underlying facts of the case, which are set forth in detail in its ruling on Allstate's Motion to Dismiss [119].

## DISCUSSION

Class Counsel seek compensation in the amount of $1,602,000 for their services on behalf of the class. Pursuant to Federal Rule of Civil Procedure 23(h), "the court may award reasonable attorney's fees… that are authorized by law or by the parties' agreement." To calculate the reasonableness of the fee award, the Court must "approximate the fees that the lawyers and their clients would have agreed to at the outset of the litigation given the suit's risks, competitive rates in the market, and related considerations." *Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 797 (7th Cir. 2018) (citation omitted). The Court adopts the percentage of the common fund method to determine the fee amount as proposed by plaintiff. *See Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 247 (7th Cir. 2014) ("[T]he decision whether to use a percentage method or a lodestar method remains in the discretion of the district court.") (quoting *Florin v. Nationsbank of Georgia., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994)).

To begin, the Court questions Class Counsel's conclusion that the proposed award—36% of the settlement fund minus administration costs—reflects the relevant market rate because it is "an amount that Courts within the Seventh Circuit routinely award in TCPA and other class actions." (Dkt. 138 at 11.) The conclusion obfuscates the distinctions between this case and those cited by counsel. Here, counsel asks for a flat rate percentage to be applied to the net settlement fund. In the cases cited by Class Counsel, courts employed a tiered recovery system by attributing a higher award percentage to the first tier of the settlement fund and decreasing the percentage with each subsequent tier. *See, e.g., Birchmeier*, 896 F.3d at 795 (awarding counsel 36% of the first $10 million paid into the fund, 30% of the next $10 million, 24% of the next $36 million, and 18% of any additional recovery). As a result, the aggregate percentage is much lower than the percentage for the first tier of recovery. *Id.* (aggregate fee award percentage between 27.2% for $56 million award and 24.8% for $76 million award).

This structure recognizes that "many costs of litigation do not depend on the outcome" and that it may be "almost as expensive to conduct discovery in a $100 million case as in a $200 million case." *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 959 (7th Cir. 2013). Therefore, a sliding scale allows counsel "to recover the principal costs of litigation from the first bands of the award, while allowing the clients to reap more of the benefit at the margin (yet still preserving some incentive for lawyers to strive for these higher awards)." *Id.* Though this structure may be appropriate in megafund class action cases, the Court questions whether it is appropriate to apply a fee award designed to help counsel recover the costs associated with a $76 million case in a $4.5 million case such as this one. *See Birchmeier*, 896 F.3d at 795.

Nonetheless, the Court finds that the 36% fee award is appropriate given the specific circumstances of this case. First, Class Counsel contend that the risk of nonpayment in this case supports the award amount. Risk of nonpayment serves as an important factor in the analysis.

*Silverman*, 739 F.3d at 958 ("The greater the risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel."). As a result, the Court may impose an upward adjustment of the market rate to reflect that risk. *See Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 502–03 (N.D. Ill. 2015) (Kennelly, J.) (approving a 6% upward risk adjustment incentive to a base rate of 30% for a TCPA class action settlement). Here, Class Counsel argue that the class faced significant risk of nonpayment because Allstate's defenses could have precluded recovery for the class. Specifically, Allstate argued: (1) it is not vicariously liable for the calls because it has no agency relationship with the vendors who placed the calls; (2) plaintiffs consented to the calls; and (3) the claims are barred by the TCPA's regulatory DNC "safe harbor." (Dkt. 138 at 12.) The Court agrees that these risks would have resulted in a higher contingency fee had the parties negotiated the award amount *ex ante*.

In addition, the amount of work put into the case by Class Counsel resulted in a beneficial settlement for the class. As indicated in this Court's order on Plaintiff's Motion for Final Approval of Settlement, each class member with a valid claim will receive $500 per prohibited call, equal to the maximum recovery permitted by statute. *See* 47 U.S.C. § 227(c)(5)("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may… receive up to $500 in damages for each violation…"). Where, as here, "counsel come away from the negotiating table with everything the client could hope for, they should be compensated accordingly." *In re Southwest Airlines Voucher Litig.*, 799 F.3d 701, 712 (7th Cir. 2015).

The Court additionally approves plaintiff's request for a $10,000 incentive award. Incentive awards "are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litig. (Synthroid I)*, 264 F.3d 712, 722 (7th Cir. 2001). The Court find this payment is justified by the class representatives service to the settlement class and comparable to awards

3

given in similar cases. *See, e.g., Martin v. Jth Tax*, 311 F.R.D 483, 503 (N.D. Ill. 2015) (Shah, J.).

Finally, the Court approves counsel's requests for litigation expenses in the amount of $40,150.43.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award [138].

IT IS SO ORDERED.

Date: 9/27/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge